United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                  Case No. 17-12856-pmm

Peggy S. Dennis                                      Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4                                User: admin                                Page 1 of 2
Date Rcvd: Jun 16, 2023                        Form ID: 3180W                           Total Noticed: 10

The following symbols are used throughout this certificate:
**Symbol    Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Peggy S. Dennis, 1448 Butter Lane, Reading, PA 19606-1158 |
| 14318344 | + | George M. Lutz, Esquire, Hartman, Valeriano, Magovern & Lutz, P.C, 1025 Berkshire Blvd, Suite 700, Wyomissing, PA 19610-1284 |
| 14030615 | + | George M. Lutz, Esquire, Hartman, Valeriano, Magovern & Lutz, P.C, 1100 Berkshire Blvd., Suite 301, Wyomissing, PA 19610-1292 |
| 13936643 | + | Robeson Township, Attention: Gerri Sensenig, 8 Boonetown Road, Birdsboro, PA 19508-8317 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: taxclaim@countyofberks.com | Jun 17 2023 00:42:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jun 17 2023 00:42:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13932804 | | EDI: AGFINANCE.COM | Jun 17 2023 04:35:00 | ONEMAIN FINANCIAL, INC., P.O. BOX 3251, EVANSVILLE, IN 47731-3251 |
| 14255258 | | EDI: PRA.COM | Jun 17 2023 04:41:00 | Portfolio Recovery Associates, LLC, PO Box 41067, Norfolk, VA 23541 |
| 13982172 | + | Email/Text: blegal@phfa.org | Jun 17 2023 00:42:00 | U.S. Bank National Association, c/o Pennsylvania Housing Finance Agency, 211 North Front Street, Harrisburg, PA 17101-1406 |
| 13948491 | | EDI: WFFC2 | Jun 17 2023 04:41:00 | Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se, PO Box 19657, Irvine CA 92623-9657 |

TOTAL: 6

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

District/off: 0313-4 | User: admin | Page 2 of 2
Date Rcvd: Jun 16, 2023 | Form ID: 3180W | Total Noticed: 10

Date: Jun 18, 2023          Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 15, 2023 at the address(es) listed below:**

**Name**            **Email Address**

BRIAN CRAIG NICHOLAS
　　on behalf of Creditor U.S. Bank National Association bnicholas@kmllawgroup.com  bkgroup@kmllawgroup.com

George Meany Lutz
　　on behalf of Debtor Peggy S. Dennis glutz@hvmllaw.com  HartmanValerianoMagovernLutzPC@jubileebk.net

KEVIN G. MCDONALD
　　on behalf of Creditor U.S. Bank National Association et al ... bkgroup@kmllawgroup.com

KEVIN G. MCDONALD
　　on behalf of Creditor U.S. Bank National Association bkgroup@kmllawgroup.com

LEON P. HALLER
　　on behalf of Creditor U.S. Bank National Association lhaller@pkh.com
　　dmaurer@pkh.com;mgutshall@pkh.com;khousman@pkh.com

LISA MARIE CIOTTI
　　on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com  ecf_frpa@trustee13.com

MATTEO SAMUEL WEINER
　　on behalf of Creditor U.S. Bank National Association bkgroup@kmllawgroup.com

ROLANDO RAMOS-CARDONA
　　on behalf of Trustee SCOTT F. WATERMAN [Chapter 13] ecfmail@readingch13.com

SCOTT F. WATERMAN [Chapter 13]
　　ECFMail@ReadingCh13.com

United States Trustee
　　USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Peggy S. Dennis <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–8971 <br> EIN   __–_____ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____ <br> EIN   __–_____ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 17–12856–pmm | |

# Order of Discharge       12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Peggy S. Dennis
    aka Peggy S. Marko

<u>6/15/23</u>         **By the court:** <u>Patricia M. Mayer</u>
                                                         United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**